## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY, | ) ) |
| | )     **Civil Action No.** |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | ) |
| SMT DEVELOPMENT LLC f/k/a 252 FRANKLIN STREET, LLC | ) ) |
| | ) |
| **Defendant** | ) |

## COMPLAINT

Plaintiff, Mesa Underwriters Specialty Insurance Company, through its undersigned attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, submits the following Complaint against Defendant, SMT Development LLC f/k/a 252 Franklin Street, LLC, and in support thereof alleges the following:

### PARTIES

1.      Plaintiff Mesa Underwriters Specialty Insurance Company ("Mesa") is an insurance company duly organized under the laws of the State of Arizona, and with a principal place of business located at 40 Wantage Avenue, Branchville, New Jersey 07890.

2.      Mesa is duly licensed to conduct insurance business in the Commonwealth of Massachusetts.

3.      Defendant SMT Development LLC f/k/a 252 Franklin Street, LLC ("SMT") is a Massachusetts limited liability company that has a registered place of business located at P.O. Box 610312, Newton Hills, Massachusetts 02461.

1

4.     SMT formerly was known as 252 Franklin Street, LLC, and changed its name to SMT Development LLC on or about August 27, 2020.

5.     Elan Sassoon, who is not a party to this action, is an adult individual and principal agent of SMT, and resides at 295 Upland Avenue, Newton Hills, Massachusetts 02461.

## JURISDICTION AND VENUE

6.     There is complete diversity among the parties under 28 U.S.C. § 1332 because (a) Mesa is a citizen of Arizona and/or New Jersey, and (b) upon information and belief, SMT and all of its members are citizens of and domiciled in Massachusetts.

7.     As set forth below and incorporated herein, the amount in controversy requirements under 28 U.S.C. § 1332 are satisfied because there is more than $75,000 at issue in this action, exclusive of costs and interest.

8.     This action properly lies in the District of Massachusetts under 28 U.S.C. § 1391(a), because SMT's failure to remit insurance premiums occurred within this District.

## FACTUAL ALLEGATIONS

9.     Mesa incorporates each of the preceding allegations as if fully restated herein.

10.     Upon SMT's request, Mesa issued Insurance Policy No. MP0012011000144 (the "Policy") to SMT, which had a one-year policy period that began on January 12, 2018.

11.     In accordance with the Policy, Mesa provided Commercial General Liability insurance coverage to SMT.

12.     SMT agreed to pay certain insurance premium and fees to Mesa in exchange for the insurance coverage that Mesa provided to SMT under the Policy.

2

13.     Under the terms of the Policy, Mesa would perform a premium audit after the policy period had concluded, the result of which would determine the total insurance premium (the "Audit").

14.     Mesa conducted the Audit on or about September 24, 2019, which resulted in an additional premium in the amount of $169,270, plus fees reflecting a tax owed to the Commonwealth of Massachusetts in the amount of $6,770.90, for a total amount of $176,040.80 owed to Mesa.

15.     On or about October 17, 2019, Mesa sent an invoice to SMT setting forth that SMT owed the additional premium, taxes, and fees for a total amount of $176,040.80.

16.     Mesa and/or its agent(s) have requested payment from SMT for the total amount due under the Policy.

17.     Despite the demands for payment, SMT has failed to pay the outstanding balance of $176,040.80 owed to Mesa under the Policy.

18.     SMT accepted the insurance coverage under the Policy, which required SMT to pay all final premium due.

19.     Mesa fully performed all necessary conditions required under the Policy.

## COUNT I – BREACH OF CONTRACT

20.     Mesa incorporates each of the preceding allegations as if fully restated herein.

21.     The Policy is a valid and binding contract.

22.     In accordance with the terms of the Policy, Mesa provided commercial general liability insurance coverage to SMT from January 12, 2018 to January 12, 2019.

23.     In exchange for the insurance coverage that Mesa provided to SMT, SMT agreed to pay the final Policy premium and any applicable surcharges and fees.

3

24.     SMT breached its agreement with Mesa by failing to pay insurance premiums that were due under the Policy.

25.     As a direct and proximate result of Mesa's breach of contract, Mesa has been damaged in the amount of $176,040.80, plus post-judgment interest at the legal rate, and is afforded such further relief as the Court deems appropriate under the circumstances.

## COUNT II – QUANTUM MERUIT/UNJUST ENRICHMENT

26.     Mesa incorporates each of the preceding allegations as if fully restated herein.

27.     In the alternative to Mesa's claim for breach of contract, SMT is liable to Mesa under the doctrine of quantum meruit/unjust enrichment.

28.     At all times relevant herein, SMT had an implied legal duty to pay Mesa all amounts due for insurance coverage that Mesa provided under the Policy.

29.     Mesa, acting in good faith, conferred a benefit upon SMT by providing commercial general liability insurance coverage to SMT.

30.     Through its relationship with Mesa, SMT was aware of—and voluntarily accepted—the benefits of obtaining commercial general liability insurance coverage from Mesa, without compensating Mesa for the full value of those benefits.

31.     SMT was enriched by Mesa because it received such benefits.

32.     It would be unjust and inequitable for SMT to receive the benefits conferred on it without compensating Mesa.

33.     The value of the benefit provided to SMT was $176,040.80, plus post-judgment interest at the legal rate, plus such other further relief as the Court deems appropriate under the circumstances.

4

## PRAYER FOR RELIEF

WHEREFORE**,** Plaintiff Mesa Underwriters Specialty Insurance Company prays for the following relief:

A.      A judgment in favor of Mesa and against SMT on all Counts of the Complaint;

B.      Compensatory damages in favor of Mesa and against SMT, including without limitation an amount equal to the unpaid premium in the amount of $176,040.80;

C.      Prejudgment and post-judgment interest;

D.      Costs and expenses; and

E.      Such other and further relief as the Court deems appropriate under the circumstances.

Dated" December 16, 2020

                              **McELROY, DEUTSCH, MULVANY**
                              **& CARPENTER, LLP**

                              By:      **/s/ David P. Russman**
                                      David P. Russman, Esquire
                                      Bar No.:  567796
                                      McElroy, Deutsch, Mulvaney &
                                        Carpenter, LLP
                                      10 Post Office Square, 8th Floor
                                      Suite 800 South
                                      Boston, Massachusetts 02109
                                      Tel:  (617) 748-5500
                                      Fax:  (617) 748-5555
                                      drussman@mdmc-law.com